Ronald Wilcox, Esq., 176601
2160 The Alameda, First Floor, Suite F
San Jose, CA 95126
Tel: (408) 296-0400
Fax: (408) 296-0486

**ATTORNEY FOR PLAINTIFF**

**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION**

| | |
|---|---|
| SANTIAGO DELGADO and ERLINDA DELGADO,<br><br>          Plaintiffs,<br><br>          v.<br><br>CITIFINANCIAL SERVICES, INC. a/k/a CITIFINANCIAL, INC., MICHAEL COSENTINO and WAYNE SANDBERG,<br><br>          Defendants. | Civil Action No. C05-01334 RS |

**FIRST AMENDED COMPLAINT**

**JURY TRIAL DEMANDED**

## I. INTRODUCTION

1.      This is an action for damages brought by individual consumers for Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. sec. 1692, et seq. (hereinafter "FDCPA") and California's Rosenthal Fair Debt Collection Practices Act, Civil Code 1788 et seq. (hereinafter, "state Act"), which prohibit debt collectors from engaging in abusive, deceptive and unfair practices.  Among those acts prohibited are using a false name, misrepresenting a communication is from an attorney and failing to state the amount of the debt.

## II. JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 15 U.S.C. sec. 1692k (d), 28 U.S.C. sec. 1337, and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. sec. 1367. Declaratory relief is available pursuant to 28 U.S.C. sec. 2201 and 2202. Venue in this District is proper in that Defendants transacts business here and the conduct complained of occurred here.

## III. PARTIES

3. Plaintiff, SANTIAGO DELGADO (hereinafter "Mr. Delgado") is a natural person residing in Santa Clara County, California.

4. Mr. Delgado is a "consumer" as defined by 15 U.S.C. 1692(a)(3). Mr. Delgado is a "debtor" as defined by California Civil Code 1788.2.

5. Plaintiff, ERLINDA DELGADO (hereinafter "Mrs. Delgado") is a natural person residing in Santa Clara County, California.

6. Mrs. Delgado is a "consumer" as defined by 15 U.S.C. 1692(a)(3). Mrs. Delgado is a "debtor" as defined by California Civil Code 1788.2.

7. Defendant, CITIFINANCIAL SERVICES, INC. a/k/a CITIFINANCIAL, INC. (hereinafter "Defendant Citifinancial"), is a foreign corporation with a local office conducting business at 656 Blossom Hill Road, San Jose, CA 95123.

8. Defendant Citifinancial is a "debt collector" as defined by the FDCPA, 15 U.S.C. 1692(a)(6), since the term includes any creditor who in the process of collecting his own debts uses any name other than his own which would indicate that a third-person is collecting or attempting to collect such debts.

9. Defendant Citifinancial is a "debt collector" as defined by the Civil Code 1788.2 which defines the term "debt collector" as any person in the ordinary course of business who regularly engages in debt collection.

10. Defendant, MICHAEL COSENTINO (hereinafter "Defendant Cosentino"), is a collection attorney engaged in the business of collecting debts in this state with its principal

1  place of business at:  1070 Marina Village Pkwy #206, Alameda, CA 94501.  The principal

2  purpose of Defendant Cosentino is the collection of debts using the mail and telephone, and

3  Defendant Cosentino regularly attempts to collect debts alleged to be due another.

4        11.     Defendant Cosentino is a "debt collector" as defined by the FDCPA, 15 U.S.C.

5  1692(a)(6), which defines the term "debt collector" as a person who, uses any instrumentality of

6  interstate commerce or the mails in any business the principal purpose of which is the collection

7  of debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due

   or asserted to be owed or due another.

8        12.     Defendant, WAYNE SANDBERG (hereinafter "Defendant Sandberg"), is an

9  employee of Defendant Citifinancial, operating from their offices at 656 Blossom Hill Road, San

10 Jose, CA 95123.

11       13.     Defendant Sandberg is a "debt collector" as defined by the FDCPA, 15 U.S.C.

12 1692(a)(6), since the term includes any creditor who in the process of collecting his own debts

13 uses any name other than his own which would indicate that a third-person is collecting or

   attempting to collect such debts.

14       14.     Defendant Sandberg is a "debt collector" as defined by the Civil Code 1788.2,

15 which defines the term "debt collector" as any person in the ordinary course of business who

16 regularly engages in debt collection.

17       15.     Plaintiffs allege that at all times herein mentioned, each of the Defendants were,

18 and is now, the agent, servant, employee and/or other representative of the other Defendants, and

19 in doing the things herein alleged, was acting in the scope, purpose and authority of such agency,

20 service employment, and/or other representative capacity with the permission, knowledge,

   consent, and ratification of the other Defendants.

21       16.     Any reference hereinafter to "Defendant" or "Defendants" without further

22 qualification is meant by the Plaintiffs to refer to each Defendant named above.

23                             **IV.  FACTUAL ALLEGATIONS**

24

17. Plaintiffs incurred a typical consumer debt to Defendant Citifinancial for personal, family, or household purposes.  The debt was the result of a typical consumer credit transaction.

18. Unfortunately, Plaintiffs experienced difficulty in repaying their consumer debt to Defendant Citifinancial.

19. Defendant Citifinancial and Defendant Cosentino began a collection campaign that violated federal and state laws, as well as the norms of the collection industry.

20. On December 20, 2004, Defendant Citifinancial mailed Plaintiffs a demand letter in an attempt to collect the debt.   A true and correct copy of the December 20, 2004 letter is attached as Exhibit A to the complaint.

21. Exhibit A came in an envelope that was addressed to Plaintiffs' address.  The Plaintiffs' address was handwritten on the envelope.  The envelope had no return address.  A true and correct copy of the envelope is attached as Exhibit B to the complaint.

22. The top of Exhibit A contained a handwritten reference to Plaintiffs' names and an account number of XXXX70.[1]

23. The body of Exhibit A reads:

"Your account is still past due.  Please be advised that there are two ways of settling a legitimate debt:  through timely payment, or as the result of an unpleasant collection effort.  At this time, the choice is still your.  To make further collection efforts on your part unnecessary, please contact our office to make arrangements to bring your account current."

24. The signature line of Exhibit A contained a handwritten signature that reads "Wayne Sandberg", over the title "Branch Manager."

---

[1] The number is redacted in this complaint for privacy purposes.

25. Below the signature line of <u>Exhibit A</u>, the demand letter stated the date of the letter as December 20, 2004, a due date of November 2, 2004, a payment amount of $178.00, and a late penalty amount of $20.00

26. The bottom of <u>Exhibit A</u> contained a handwritten statement that read:

"Give us a call.  We can help."

27. On the bottom of <u>Exhibit A</u> was stamped:

citifinancial    Citfinancial, Inc.
                 656 Blossom Hill Rd.
                 Sunrise Plaza
                 San Jose, CA 95123
                 Tel 408 229 2411
                 Fax 408 229 2453

28. On or about January 17, 2005, Plaintiffs received a collection letter allegedly from Defendant Cosentino.  A true and correct copy of the January 17, 2005 collection letter is attached as <u>Exhibit C</u> to the complaint.

29. The envelope in which <u>Exhibit C</u> was enclosed contained a handwritten address to the Plaintiffs, with a return address of the following:

citifinancial    Citfinancial, Inc.
                 656 Blossom Hill Rd.
                 San Jose, CA 95123

30. A true and correct copy of the envelope that contained <u>Exhibit C</u> is attached as to the complaint as <u>Exhibit D</u>.

31. <u>Exhibit C</u> contained a letterhead that read:

MICHAEL CONSENTINO
Attorney at Law
P.O. Box 129
Alameda, CA 94501
Telephone: (510) 747-1880

1   32.     Exhibit C refers to a CitiFinancial Services account number of XXX70[2] and a past due amount of $ 267.00.

33.     The body of Exhibit C reads:

This office represents CitiFinancial Services Inc.  In the above referenced matter failure to bring you account current, or to negotiate payment with CitiFinancial, may subject you to legal action and judgment.

If you do not dispute this debt, forward your payment for the above referenced amount past due payable to:

CitiFinancial
656 Blossom Hill Road
San Jose, CA 95123

34.     The body of Exhibit C further reads:

If you are not able to pay the full amount past due, or if you have questions, you should contact Heidi Giron, Branch Manager of CitiFinancial Services Inc. at (408) 229-2411 between the hours of 9:00 a.m. and 5:00 p.m., Monday through Friday, in order to make arrangements for payments.

35.     The signature line of Exhibit C did not contain a signature by Defendant Cosentino and instead reads "MICHAEL CONSENTINO, Attorney for CitiFinancial Services, Inc.

36.     The handwriting on Exhibits A, B, C, and D were identical to one another.

37.     On information and belief, Plaintiffs contend that the handwriting on Exhibits A, B, C, and D are from Defendant Citifinancial, not attorney "Michael Consentino."

38.     Defendants' letters contained false, misleading, and deceptive statements in an attempt to collect a debt.

39.     On information and belief, Plaintiffs contends that Exhibits C falsely represented that the collection letter was from an attorney when no attorney had meaningful involvement, thus violating 15 U.S.C. 1692e(3) and e(10).

---

[2] The account number has been redacted on the complaint for privacy purposes.

40. Exhibit C failed to state the correct amount of the debt, thus violating 15 U.S.C. 1692g and 15 U.S.C. 1692e.

41. Defendant Citifinancial used a name other than its own to falsely represent that an attorney, Defendant Cosentino, was now collecting or attempting to collect a debt from Plaintiffs, thus violating 1692e(3) and e(10) and Civil Code 1788.13(c).

42. Defendants furnished a deceptive form letter in an attempt to collect a debt, thus violating 15 U.S.C. 1692j.

43. Defendants used false representations and deceptive means in an attempt to collect a debt or collect payment on a debt.

44. As a result of the above violations, Defendants are liable to Plaintiffs for statutory damages, attorney's fees and costs.

## V. FIRST CAUSE OF ACTION

### Violation of 15 U.S.C. 1692 - FDCPA

45. Plaintiffs repeat, re-alleges, and incorporate by reference paragraphs one through 44 above.

46. The foregoing acts and omission of Defendants constitute violations of the FDCPA, including but not limited to 1692e, 1692e(3), 1692e(10) and 1692j.

47. Defendants violated 15 U.S.C. 1692e and 1692e(3) falsely representing falsely represented that Exhibit C was from an attorney, when no attorney was meaningfully involved.

48. Defendants violated 15 U.S.C. 1692g and 15 U.S.C. 1692e by failing to state the correct amount of the debt.

49. Defendants violated 15 U.S.C. 1692e and 1692e(10) used statements that misrepresented the account was now being handled by attorney.

50. Defendants violated 15 U.S.C. 1692j by designing, compiling, and furnishing form letters used to create a false belief by Plaintiffs that a person other than Defendant Citifinancial is handling the collection of Plaintiffs' debt.

51. As a result of the above violations of the FDCPA Defendants are liable to the Plaintiffs for a judgment that Defendants' conduct violated the FDCPA and for statutory damages, costs, and attorney's fees.

## VI.   SECOND CAUSE OF ACTION

### Violation of California Civil Code 1788

52. Plaintiffs repeat, re-alleges and incorporate by reference, paragraphs one through 51.

53. Defendants violated the state Act. Defendants' violations of the state Act include, but are not limited to those mentioned in the paragraphs below.

54. Defendants violated Civil Code section 1788.17, which requires "every debt collector collecting or attempting to collect a consumer debt shall comply with the provisions of Sections 1692b to 1692j" of Title 15 United States Code (FDCPA).

55. Defendants violated Civil Code 1788.13(c) by falsely communicating in the name of an attorney.

56. Pursuant to Cal. Civil Code 1788.32, the remedies under Civil Code are intended to be cumulative of statutory damages, attorney's fees and costs from Defendants and in addition to any other remedies under any other law.

WHEREFORE, Plaintiffs respectfully prays that judgment be entered against the Defendants for the following:

    A. Judgment that Defendants' conduct violated the FDCPA and the state Act.

B. Statutory damages pursuant to 15 U.S.C. 1692k.

C. Statutory damages pursuant to California Civil Code 1788.17 and 1788.30.

D. Costs and reasonable attorney's fees pursuant to 15 U.S.C. 1692(k), California Civil Code 1788.17 and Civil Code 1788.30.

E. Grant such other and further relief as it deems just and proper.

Respectfully,

/s/Ronald Wilcox                                        4/14/05
Ronald Wilcox                                           Date

**DEMAND FOR JURY TRIAL**

Please take notice that Plaintiff demand trial by jury in this action.

/s/Ronald Wilcox                                        4/14/05
Ronald Wilcox                                           Date